By the Court.—O’Gorman, J.
—The contention in the case is as to the liability of defendant as surviving partner of a Philadelphia firm, which was dissolved in 1864, on the following instrument. “ Office of J. R. & H. B. Fry, Philadelphia, May 21, 1864. Due S. K. Ashton, M. D., Trustee, four thousand dollars, returnable on demand. It is understood that this sum is specially deposited with us, and is distinct from the other transactions with said Ashton. J. R. & H. B. Fry.”
In 1880, Ashton assigned his interest in all claims against defendant and said firm, to plaintiff. The defendant pleaded ; (1) statute of limitations ; (2) the acceptance of a claim against one Stephen Coulter in full settlement of all Ashton’s claims against the firm.
The firm carried on business in Philadelphia as stock brokers, and also received deposits payable on demand. The question as to the effect of the statute of limitations on the plaintiff’s claim, depends, first on the nature of the instrument itself, whether it was a certificate of deposit, or a promissory note, and second, at what date the demand for payment was first made. ' -
It is in evidence that in August, 1880, Ashton made demand on defendant for payment on this instrument, and that defendant then acknowledged the indebtedness, promised to pay, and even gave to Ashton certain mining stock which he desired Ashton to 'raise money on, as part pay- *137 merit. Ashton took them, endeavored to dispose of them, found they had no market value, and returned them to defendant. There is no clear evidence as to any previous or other demand of defendant, for this money. In 1885, or 1866, Ashton furnished defendant with a written account of the transaction between the firm and him, in which account, under the head of “accepted charges,” this sum of $4,000 is charged against the firm. As far as appears, defendant acquiesced in the correctness of that charge. In 1869, Ash-ton brought a suit in Philadelphia, in which Cornelia Fry, executrix of J. R Fry, deceased, and the defendant here, Horace B. Fry, lately trading as “ J. R and H. B. Fry,” were named as defendants. The defendant, however, was not served with any papers in this action. It is not proved that the claim now in suit was included in that action, although in a letter written to defendant by Ashton, in July, 1880, Ashton referring to the instrument now in suit writes : “The paper you gave me is in your handwriting— suit was begun against you for the deposit as being a trust deposit,” etc. Plaintiff, however, in a subsequent conversation, told the defendant that he had brought the suit against the executrix, but that he, defendant, had not been served. Frequent conversations had taken place between defendant and Ashton about the state of the accounts between the firm and Ashton, and various abortive attempts at settlement had been made.
There is no force in the argument on the part of the defendant, that the instrument in evidence can be regarded as an ordinary promissory note payable on demand, and due when made. The case of Wheeler v. Warner (47 N. Y. 520), cited in support of that position, is not in point
The instrument here proved is'a certificate, and written evidence of a deposit of $4,000, with the defendant’s firm as bankers “pro Jiac mee,” and no indebtedness arose by reason of such deposit, until demand of return of the amount deposited, and the statute of limitations did not begin to run until demand (Payne v. Gardner, 29 N. Y. 146; Howell *138 v. Adams, 68 Id. 314, 321; Boughton v. Flint, 74 Id. 476, 482).
Unless, therefore, it appeared by competent evidence that a demand was made, other and earlier than that of 1880, the defense depending on the statute of limitations is disposed of. There is no proof of any such demand. There is no sufficient- evidence to prove that Ashton ever accepted from the defendant any assignment of property or consideration in full settlement of Ashton’s claim, for the money in suit, or in any way released the claim.1
The only remaining question then, is whether the learned trial judge erred' in the exclusion of material and relevant evidence, or erred in his charge to the jury. The evidence excluded by the court could only have gone to show that the claim here in suit was included in the action brought by Ashton against the executrixes of the defendant’s deceased partners in 1869. But, as the defendant was not made a party to that litigation by service of papers upon him, the admission of such testimony would not properly have been evidence against him.
With these views of the law and the facts, as they appear in this case, we see no subtantial error in the charge of the learned trial judge, and no force in the exceptions thereto. The judgment should be affirmed, with costs, and the order appealed from affirmed with $10 costs.
Sedgwick, Ch. J., and Ingraham, J., concurred.